**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CR-07-43-M |
| | ) | |
| CHRISTOPHER S. SNIDER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant Christopher S. Snider's ("Snider") Motion to Withdraw Plea of Guilty [docket no. 106], filed December 3, 2007. On December 20, 2007, the government filed its response. On January 22, 2008, the Court held an evidentiary hearing on this matter.

I. Background

On February 21, 2007, an Indictment was filed against Snider charging him with one count of conspiracy and one count of aiding and abetting the possession of stolen firearms. Snider's case was originally set for the April 2007 trial docket, however; several factors, including a change of counsel, delayed trial. On August 20, 2007, Snider entered into a plea agreement and, on the same day, Snider pled guilty to aiding and abetting the possession of stolen firearms. On September 25, 2007, Snider filed a *pro se* motion to withdraw plea of guilty, and on October 2, 2007, the Court struck the motion because Snider filed the motion *pro se* when he was represented by counsel. Snider now submits through his counsel a Motion to Withdraw Plea of Guilty.

## II. Discussion

A motion to withdraw guilty plea prior to sentencing should be freely allowed, Fed. R. Crim. P. 11(d)(2)(B), and "a defendant may withdraw a guilty plea before the court imposes a sentence if the defendant can show a fair and just reason for requesting the withdrawal". *United States v. Hamilton*, ---F.3d ---, No. 06-5231, 2007 WL 4393257, at *3 (10th Cir. Dec. 18, 2007) (internal citation omitted). A court should consider the following seven factors when determining whether a defendant has shown a fair and just reason to withdraw his pre-sentence guilty plea: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. *Id*. (internal citation omitted). "A defendant's dissatisfaction with the length of his sentence generally is insufficient reason to withdraw a plea." *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991).[1]

After a review of the parties' submissions and having heard the testimony and evidence presented and the arguments of counsel, the Court finds these factors do not warrant the withdrawal of Snider's plea. Snider's principal reason for moving to withdraw his plea is that his waiver was not knowing and voluntary. The Court is mindful that the burden is squarely on Snider to demonstrate that it was not. *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007).

---

[1]The Court need not review the prejudice to the government, timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources factors unless the defendant establishes a fair and just reason for withdrawing a guilty plea. *United States v. Hamilton*, --- F.3d ---, 2007 WL 4393257, at *6 (10th Cir. Dec. 18, 2007).

In the absence of authority, Snider contends that he mistakenly believed that the charge of aiding and abetting possession of stolen firearms was a lesser charge than actually possessing the stolen firearms. However, the Court finds that Snider has not met his burden of demonstrating that his waiver was not knowing and voluntary. It is clear that, Snider offered no evidence to support of this conclusory claim. *See United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999) (conclusory statements by the defendant, "absent any other evidence, [are] insufficient to show that his plea was involuntary"). Accordingly, the Court finds this is not a basis for withdrawal of his guilty plea.

Snider further argues that he felt coerced in that he believed additional charges would be filed against him if he did not accept the plea agreement. In addition, Snider states he relied, to his detriment, on promises the government made in the plea agreement. Snider does not sufficiently specify what promises he relied on. Even so, the government may "threaten to charge a greater offense if a defendant will not plea guilty to a lesser one, as long as the prosecutor has probable cause to believe that the defendant committed the greater offense." *United States v. Sarrancino*, 340 F.3d 1148, 1178 (10th Cir. 2003) (internal citation omitted). Because "there is no such element of punishment and retaliation so long as the accused is free to accept or reject the prosecution's offer," *Bordenkircher v. Hayers*, 434 U.S. 357, 363 (1978), the Court finds this argument an impermissible basis from which to withdraw a guilty plea. Furthermore, the Court finds that any promises the government may have made to Snider's detriment are part and parcel of the plea bargaining process and not a basis upon which to invalidate the plea agreement.

Snider further asserts that he mistakenly believed that, despite his plea, he could still bring various legal challenges to the evidence against him. The Court looks to two factors in its

determination. "First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (internal citation omitted). Here, the plea agreement states: "Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to...[a]ppeal or collaterally challenge his guilty plea". Plea Agreement [docket no. 70], at 6. Furthermore, when signing the plea agreement, Snider indicated above his signature that he "understands and accepts those terms" and "that this document contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms". *Id.* at 12.

As to the plea colloquy, a review of the transcript of the change of plea hearing convinces the Court that Snider was aware of the charges against him, satisfied with the representation of his counsel, understood the nature of the charges against him and the consequences of pleading guilty, and genuinely wished to enter a plea of guilty. Under Rule 11, the Court must also specifically ensure that Snider is informed and understands "the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). On this subject, the following colloquy took place:

> THE COURT: Let me ask Mr. Snider a question. One of those terms of the plea agreement, Mr. Snider, is you are giving up your right to appeal the final sentence of this Court, except under some very limited circumstances that I'm sure Mr. Wells has gone over with you. Tell me what does it mean to give up your right to appeal? What does that mean to you in the context of this?

> (Off-record discussion between Mr. Wells and the Defendant. Thereafter:)
> THE DEFENDANT: If the Court sentences me under 10 years, I will not have an appeal.
> THE COURT: Right. Is 10 years the sentencing advisory guideline range, Mr. Well?
> MR. WELLS: Yes, ma'am.
> THE COURT: Okay, right. You will be stuck with whatever I sentence you, to whatever I sentence you, do you understand?
> THE DEFENDANT: Yes.

Government's Response to Defendant's Motion to Withdraw Plea of Guilty [docket no. 111], Exhibit 1, at 8. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–even though the defendant may not know the specific detailed consequences of invoking it." *Hahn*, 359 F.3d at 1327. In this case, Snider was informed of the existence of an appeal waiver. He said he had read it. He even discussed it with his attorney in the midst of the proceeding in an off-record discussion. Counsel made no objection to the Court's colloquy with Snider. Accordingly, the Court finds that Snider's plea was knowing and voluntary.

Finally, Snider cursorily asserts innocence and ineffective assistance of counsel. However, "the defendant must present a credible claim of legal innocence", thereby affirmatively advancing an objectively reasonable argument that he is innocent. *Hamilton*, --- F.3d --- at 4. The Court finds that Snider did not meet his burden in furthering a "factual argument which supports a legally cognizable claim defense". *Id*. Nor will Snider's own "subjective belief in his own innocence" suffice for withdrawal of his guilty plea. *Id*. Accordingly, the Court will not permit Snider to withdraw his guilty plea based upon his assertion of innocence.

As to the ineffective assistance of counsel, Snider asserts that he received ineffective assistance of counsel when his attorney failed to inform him of the effect of the plea agreement. When a defendant's challenge to a guilty plea is based on ineffective assistance of counsel, a two-part test is applied: (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense. *Id*. at 5. The Court need not examine whether Snider's counsel's performance was deficient because no prejudice has been identified. Snider acknowledged in the plea colloquy that he understood that his potential sentence may be up to 10 years, and the Court emphasized this is an estimate and not a promise. The Court notes that Snider has not yet been sentenced. Even if the Court accepts that Snider pled to a mistaken count, he was not misguided as to what the actual punishment for the crime would be under the plea agreement. Accordingly, the Court finds that Snider should not be allowed to withdraw his guilty plea on this basis.

## III. Conclusion

The Court, for the reasons set forth above in detail, DENIES Snider's motion to withdraw plea of guilty.

**IT IS SO ORDERED on this 28th day of January, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE