## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-07-43-M |
| | ) | (CIV-09-671-M) |
| CHRISTOPHER S. SNIDER, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Christopher S. Snider ("Snider") filed Defendant's Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 [docket no. 203] on June 24, 2009. On January 18, 2011, the government filed its response.[1] No reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On August 20, 2007, Snider pled guilty to aiding and abetting the possession of stolen firearms in violation of 18 U.S.C. § 922(j). On February 20, 2008, the Court sentenced Snider to the statutory maximum of 120 months' imprisonment, a term below the advisory guideline range. Snider now collaterally challenges his conviction and sentence in a § 2255 motion.

II.  Discussion

Snider raises nine grounds for relief in his § 2255 motion, many with multiple facets, and all centered around allegations of ineffective assistance of counsel. In his first ground for relief, Snider attacks his three lawyers for being ineffective. Snider alleges that: (1) Chris Eulberg did not

---

[1] The government was granted three extensions of time in which to respond to Snider's §2255 motion.

review his Presentence Investigation Report with him;[2] (2) Mr. Eulberg failed to follow the Federal Rules of Criminal Procedure requiring that the Presentence Investigation Report be disclosed to a defendant at least ten (10) days prior to sentencing;[3] (3) Mr. Eulberg failed to file a motion to withdraw his plea of guilty and continue the trial; (4) Mr. Eulberg failed to file the requested appeal to the Tenth Circuit on the grounds Snider requested;[4] and (5) Messrs Joseph Wells and Joseph Ruffin each failed to investigate Snider's alibi or obtain requested exculpatory evidence.[5]

---

[2] To the extent that Snider has asserted that his counsel was ineffective by providing misinformation regarding his sentencing range prior to entering the plea agreement and that his plea, therefore, was involuntary, the Tenth Circuit has held that a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Further, the Tenth Circuit has held that "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary." *Wellnitz v. Page*, 420 F.2d 935, 937 (10th Cir. 1970).

[3] At the sentencing hearing held on February 20, 2008, Snider acknowledged that he read and reviewed the Presentence Investigation Report with Mr. Eulberg. Mr. Eulberg did acknowledge that he had the wrong version of the Presentence Investigation Report, but the correct copy had no substantial changes. Furthermore, the Court observed "[t]here was not anything remarkable about the changes that had been made that the Court noted, as well." Transcript of Sentencing, Exhibit 6, at 4-5. Although the offense level and criminal history category between the two versions were correct, the original version contained a scrivner's error in that the complete guideline range calculation was left out.

[4] The Court would note that Mr. Eulberg filed a direct appeal on Snider's behalf setting forth that coercion by the government and others rendered his plea involuntary, and that his plea was not knowing and voluntary. *See United States v. Snider*, 285 Fed. Appx. 525 (10th Cir. 2008). Also, Snider argued that enforcing his plea agreement would result in a miscarriage of justice due to ineffectiveness of counsel both at the plea stage and when he attempted to withdraw his plea. The Tenth Circuit held that: (1) Snider's unsupported claim of coercion was insufficient to establish that his appeal waiver was not knowing and voluntary, and (2) his ineffective assistance of counsel claim had to be brought in a collateral proceeding. *Id.*

[5] Assuming there is exculpatory evidence available in this case, the United States Supreme Court has held "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one...." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Further, the Fifth Circuit observed that "*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty. Because the Supreme Court has yet to extend *Brady* to guilty pleas (let alone extend it retroactively), the district

In his second ground for relief, Snider alleges that the government breached the plea agreement and its terms. Specifically, Snider asserts he did not receive a 2-level downward adjustment for acceptance of responsibility. Snider's third ground for relief asserts that the government violated his right to due process in that exculpatory evidence was withheld. Further, Snider's fourth ground for relief alleges further violation of due process in that the government allowed witnesses Chaz Guice, Graham Robertson and William Santos to give untruthful testimony.

In his fifth ground for relief, Snider alleges that the Court improperly enhanced his sentence for playing a leadership role in relevant conduct involving five (5) or more people. Snider's sixth ground for relief asserts a constitutional violation of his right to present a defense at his sentencing hearing. As related to this ground, Snider contends that he directed a letter to Mr. Eulberg purportedly requesting that certain witnesses be called for his sentencing hearing. Mr. Eulberg alleges that he did not receive the letter. Snider also asserts the government made improper statements at his sentencing which interfered with his right to present a defense, and that he had the right not to be shackled and wearing an orange suit denoting his prisoner status for sentencing.

In his seventh ground for relief, Snider asserts the government failed to file an Indictment containing every essential element of the offense in that allegations of an overt act were not present. Snider alleges, in his eighth ground for relief, he was falsely arrested in that there were improper grounds to arrest him for the underlying offense. Finally, in his ninth ground for relief, Snider asserts that the Court violated his constitutional rights in finding that a two point enhancement is warranted due to the obstruction of justice. The government asserts that Snider's motion should be denied because in the plea agreement Snider knowingly and voluntarily waived his right to challenge

---

court erred...." *United States v. Santa Cruz*, 297 Fed. Appx. 300, 301 (5th Cir. 2008).

his guilty plea and the sentence imposed.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.*

Because Snider's grounds for ineffective assistance of counsel would fall within his waiver of his right to collaterally challenge his conviction and sentence, the Court must now address whether said waiver was knowingly and voluntarily made. The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[6] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the dispute [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . ." *Id.* at 1325.

A. Scope of the Waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

---

[6]The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

Paragraph 8 of Snider's plea agreement provides:

> Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
> 
> a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any ruling on pretrial suppression motions or any other pretrial disposition of motions and issues;
> 
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
> 
> c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement, at ¶ 8 [docket no. 70].

The Court finds that the above-referenced provision effects a broad and unambiguous waiver of Snider's appeal and collateral attack rights. The Court further finds that Snider's claims of ineffective assistance of counsel fall within his waiver of collateral attack rights, and specifically within paragraph 8 of the plea agreement. As Snider was sentenced to the statutory maximum of 120 months' imprisonment, a term below the advisory guideline range, the Court concludes that

5

Snider's grounds for collateral challenge do not fall into the exceptions to the waiver delineated in the plea agreement.

      B.    <u>Knowing and voluntary</u>

Under the second prong of its analysis, the Court must determine whether Snider's plea and waiver were made knowingly and voluntarily. Snider bears the burden of presenting evidence from the record that substantiates his allegation of involuntariness. *See Hahn*, 359 F.3d at 1329. When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id*. at 1325.

As set forth above, the plea agreement in this case expressly provides that Snider knowingly and voluntarily waives his right to appeal or collaterally challenge his conviction and sentence "provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Plea Agreement at ¶ 8(b). Additionally, the Court finds that the record of the Rule 11 colloquy of Snider's guilty plea shows unequivocally that Snider knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence. During the change of plea hearing, the Assistant United States Attorney prosecuting the case summarized the relevant terms and conditions of the plea agreement, in pertinent part, as follows: "The Defendant has agreed to waive his right to appeal or collaterally challenge [the] sentence, unless his sentence is above the advisory guidelines range...." Transcript of Change of Plea, at 7.

The Court then questioned Snider and his counsel as to the Assistant United States Attorney's summation of the plea agreement, and both stated it was an accurate representation of

the plea agreement. *Id*. at 8-9. The Court then engaged in the following colloquy with Snider:

>THE COURT: Let me ask Mr. Snider a question. One of those terms of the plea agreement, Mr. Snider, is[,] you are giving up your right to appeal the final sentence of this Court, except under some very limited circumstances that I'm sure Mr. Wells has gone over with you.
>
>Tell me what does it mean to you in the context of this?
>
>(Off-record discussion between Mr. Wells and the Defendant. Thereafter:)
>
>THE DEFENDANT: If the Court sentences me under 10 years, I will not have an appeal.
>
>THE COURT: Right. Is 10 years the sentencing advisory guideline range, Mr. Wells?
>MR. WELLS: Yes, ma'am.
>
>THE COURT: Okay, right. You will be stuck with whatever I sentence you, to whatever I sentence you, do you understand?
>
>THE DEFENDANT: Yes.
>
>THE COURT: The Court, I'm going to accept the plea agreement in this case.
>
>Do you understand that you have a right to plead not guilty and to persist in that plea of not guilty if you have previously pled not guilty?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Are you satisfied with the services of your attorney, Mr. Wells?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you believe that he has done all that anyone could do as counsel to assist you?
>
>THE DEFENDANT: Yes.

*Id.* at 9-11.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Snider's signed plea agreement and his "solemn declarations in open court" strongly suggest that his waiver was knowing and voluntary. Accordingly, the Court finds that defendant knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

      C.      Miscarriage of Justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Snider has not alleged the Court relied upon any impermissible factor such as race at sentencing, that Snider's sentence does not exceed the statutory maximum, and that the Court has found no ineffective assistance of counsel in connection with the negotiation of the plea and waiver. The Court further notes that Snider has not specifically alleged

8

that enforcing his waiver of collateral attack rights will result in a miscarriage of justice. Additionally, after carefully reviewing the parties' submissions, the Court independently concludes that enforcement of Snider's collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

    D.    Conclusion

Accordingly, for the reasons set forth above, the Court finds that Snider's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that all claims he asserts in his § 2255 motion are barred by said waiver.

III.    Evidentiary Hearing

As set forth above, Snider's motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001).

IV.    Conclusion

Accordingly, the Court DISMISSES Snider's Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED this 11th day of February, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE