# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-07-43-M |
| CHRISTOPHER S. SNIDER, | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Second *Pro Se* Rule 60(b) Motion for Relief From Final Judgment, filed January 2, 2013. Defendant asserts that the government breached the plea agreement in this matter.

On March 25, 2013, the government filed its Motion to Dismiss Defendant's *Pro Se* Rule 60(b) Motion for Relief From Final Judgment. The government moves for the Court to dismiss defendant's motion because it is a successive motion under 28 U.S.C. § 2255.

When analyzing Rule 60(b) motions in habeas cases, a district court must first determine whether the motion is a "true Rule 60 motion" or a second or successive petition. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). The Tenth Circuit has clarified that:

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.
>
> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert

> a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.* at 1215-16 (10th Cir. 2006) (internal citations omitted). " If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion." *Id.* at 1217. However, if the district court concludes that the motion is actually a second or successive petition, it should refer the matter to the appellate court for authorization under 28 U.S.C. § 2244(b)(3). *Id.* Thus, "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Duran*, 454 F. App'x 671, 675 (10th Cir. 2012).

Here, the Court finds that defendant's motion is not a "true" Rule 60(b) motion; rather, the Court concludes that defendant's motion is a second or successive § 2255 motion. Specifically, defendant's initial § 2255 motion raised the same issue of whether the government breached the plea agreement. *See* Defendant's Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C.A. § 2255[docket no. 203]. The Court previously dismissed defendant's § 2255 motion, including defendant's claim that the government breached the plea agreement. Furthermore, the Tenth Circuit subsequently found "[defendant's] claim that the government breached the plea agreement does not alter our conclusion that reasonable jurists would not debate the correctness of the district court's determination that his § 2255 motion is barred by the plea agreement's collateral-attack waiver." Order Denying Certificate of Appealability [docket no. 394] at 7. Upon careful review of the parties' submissions, the Court finds that defendant's 60(b) motion seeks

2

vindication of "a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Spitznas*, 464 F.3d at 1216.

Accordingly, the Court concludes, in the interest of justice, that this matter should be transferred to the appellate court for authorization under 28 U.S.C. § 2244(b)(3). 28 U.S.C. § 1631. Additionally, the Court finds the government's Motion to Dismiss Defendant's *Pro Se* Rule 60(b) Motion for Relief From Final Judgment [docket no. 399] is now MOOT.

**IT IS SO ORDERED this 2nd day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE