# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-43-M |
| | ) | |
| CHRISTOPHER S. SNIDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant Christopher S. Snider's *Pro Se* Rule 60(b) Motion for

Relief From Final Judgment ("defendant's 60(b) Motion"), filed August 09, 2013.

When analyzing Rule 60(b) motions in habeas cases, a district court must first

determine whether the motion is a "true Rule 60 motion" or a second or successive petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). The Tenth Circuit has clarified

that:

> a 60(b) motion is a second or successive petition if it in
> substance or effect asserts or reasserts a federal basis for relief
> from the petitioner's underlying conviction. Conversely, it is a
> "true" 60(b) motion if it either (1) challenges only a procedural
> ruling of the habeas court which precluded a merits
> determination of the habeas application; or (2) challenges a
> defect in the integrity of the federal habeas proceeding, provided
> that such a challenge does not itself lead inextricably to a
> merits-based attack on the disposition of a prior habeas petition.
>
> Some examples of Rule 60(b) motions that should be treated as
> second or successive habeas petitions because they assert or
> reassert a federal basis for relief from the underlying conviction
> include: a motion seeking to present a claim of constitutional
> error omitted from the movant's initial habeas petition; a motion

seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.* at 1215-16 (10th Cir. 2006) (internal citations omitted). "If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion." *Id.* at 1217. However, if the district court concludes that the motion is actually a second or successive petition, it should refer the matter to the appellate court for authorization under 28 U.S.C. § 2244(b)(3). *See id.* Thus, "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Duran*, 454 F. App'x 671, 675 (10th Cir. 2012).

Here, the Court finds that defendant's motion is not a "true" Rule 60(b) motion; rather, the Court concludes that defendant's motion is a second or successive petition. Specifically, in his third Rule 60(b) Motion, defendant moves the Court, pursuant to recent United States Supreme Court decisions, *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and/or *Peugh v. United States*, 133 S. Ct. 2072 (2014), to "remove all guideline factors used to enhance his sentence past the base offense level". Defendant's 60(b) Motion, at 7. Upon careful review of the parties' submissions, the Court finds that defendant's motion is a successive habeas motion in the guise of a Rule 60(b) motion because it seeks a federal basis of relief from his underlying conviction by asserting a subsequent change in substantive law. *See United States v. Miller*, 13-6252, 2014 WL 1364000, at *2 (10th Cir. Apr. 8, 2014)

2

(quoting *Gonzalez v. Crosby,* 545 U.S. 524, 531, (2005)) ("A motion that argues 'a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim' should be treated as a successive habeas motion.").

Accordingly, the Court concludes, in the interest of justice, that this matter should be transferred to the appellate court. 28 U.S.C. § 1631.[1]

**IT IS SO ORDERED this 6th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In his motion, defendant moves the Court to appoint legal counsel to represent him in this matter. However, in light of the Court's findings set forth above, the Court finds that defendant's request is premature.